# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JUAN CASTILLO TORRES,**

        Petitioner,

v.                                                          **Civil Action No. 1:10cv170**
                                                                  **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this case on October 5, 2010, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner paid the required filing fee on November 1, 2010. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

### I.  Petitioner's Conviction and Sentence

On February 16, 2007, the petitioner pleaded guilty to one count conspiracy to possess with the intent to distribute cocaine. See United States v. Castillo-Torres, 3:04cr414-PG (D.P.R. May 14, 2007). On May 14, 2007, he was subsequently sentenced to 360 months imprisonment. *Id.* The petitioner did not file a direct appeal of his conviction and sentence, nor has he filed a motion to vacate his sentence under 28 U.S.C. § 2255. *Id.*

### II  Claims of the Petition

In the petition, the petitioner raises several claims of ineffective assistance of counsel premised on improper grand jury proceedings, a defective indictment and prosecutorial misconduct,

among other things. The petitioner acknowledges that § 2241 is not the usual avenue for pursuing his claims. He contends, however, that he is entitled to relief pursuant to § 2241 under the "escape hatch, or savings clause" of 28 U.S.C. § 2255. In support of this contention, the petitioner asserts, without further explanation, that § 2255 is "inadequate and ineffective to test the legality of his detention" and asserts that the Court should address the merits of his claims under § 2241 to prevent bias and prejudice.

### III. Analysis

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones,

the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

In this case, the petitioner merely presents arguments that should have been made on direct appeal or in a § 2255 motion. The fact that the petitioner may now be barred from doing so by either a procedural bar or the applicable statute of limitations, does not entitle him to relief under § 2241. Additionally, the Court notes that the petitioner asserts that his claims contain newly discovered evidence which show that he is actually innocent of the crime charged. However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.[1] This the petitioner has not, and cannot, do. The petitioner has not established that there was a substantive change in the law which renders the crime for which he was convicted to be not criminal. Even if he had, the petitioner cannot establish that *factual* innocence exists, rather than a legal insufficiency.

---

[1] See Bousley v. United States, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241 proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.); see also Herrera v. Collins, 506 U.S. 390, 404 (1993) ( "A claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); Royal v. Taylor, 188 F. 3d 239, 243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual innocence, even based on newly discovered evidence, is not cognizable in federal habeas corpus and such claim should be dismissed.

Accordingly, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

## IV. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's § 2241 petition [dckt.1] be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: December 2, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE