IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JUAN CASTILLO TORRES,**

    **Petitioner,**

v.                               **CIVIL NO. 1:10CV170**
                                      **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 12) AND DISMISSING 28 U.S.C. § 2241 PETITION WITH PREJUDICE

Pending before the Court is the pro se petition filed by Juan Castillo Torres ("Torres") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. United States Magistrate Judge John S. Kaull filed a Report and Recommendation ("R&R") on December 2, 2010, to which Torres objected on December 21, 2010. For the reasons that follow, the Court adopts the R&R and dismisses this petition.

### I. TORRES'S PETITION

As the magistrate judge notes, Torres's petition focuses squarely on alleged errors in his underlying criminal case. Specifically, he asserts that he received ineffective assistance of counsel, that the indictment against him was deficient, and that his trial violated the Speedy Trial Act. Additionally, in his petition and supplemental filings, Torres makes voluminous, though unspecific, allegations that the grand jury in his case was not

properly constituted and that he should have access to grand jury records to inspect them for any irregularities. In one specific argument, he claims that the trial court's requirement that grand jurors be fluent in English was a violation of his due process rights as a native Spanish speaker (dkt. 6 at 13).

## II. REPORT AND RECOMMENDATION

In the R&R, Magistrate Judge Kaull concluded that this petition, in its entirety, challenges the lawfulness of Torres's conviction in the District of Puerto Rico, and thus should properly be filed under 28 U.S.C. § 2255, not § 2241. Torres did not appeal his conviction in the District of Puerto Rico, which resulted in a 360 month sentence; nor did he file a petition under § 2255 within the one-year period established by law.

Magistrate Judge Kaull concluded that Torres's petition is barred under § 2255(d) for failure to apply to the sentencing court for relief. Furthermore, he concluded that Torres does not qualify for the "savings clause" of § 2255, in which a petition pursuant to § 2241 may be entertained where the § 2255 remedy is "inadequate or ineffective." See In re Jones, 226 F.3d 328 (4th Cir. 2000), In re Vial, 115 F.3d 1192 (4th Cir. 1997). Under these cases, the remedy under § 2241 is available only in instances involving a change of

**TORRES v. O'BRIEN**                                                    **1:10CV170**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING 28 U.S.C. § 2241 PETITION WITH PREJUDICE**

fundamental constitutional law occurring after the § 2255 period has expired. Jones, 226 F.3d at 333-34.

### III. TORRES'S OBJECTIONS

In his objections, Torres relies on Harrison v. Ollison, 519 F.3d 952 (9th Cir. 2008), for the proposition that a petition meets the requirements of the savings clause where "a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Id. at 959 (quoting Stephens v. Herrerra, 464 F.3d 895 (9th Cir. 2006)). He raises a claim of actual innocence and also claims that he was unaware of errors in the grand jury process at the time he could have filed an appeal. Consequently, he contends he would not have pled guilty had he been aware of these procedural missteps. Finally, in the event the Court overrules his objections, he seeks to transfer this petition to the sentencing court or to the First Circuit Court of Appeals as a motion for leave to file a successive petition.

### IV. ANALYSIS

In its review of a report and recommendation issued pursuant to 28 U.S.C. § 636, the Court "is required to review de novo only those portions of the report to which specific and timely

3

objections have been made." <u>Roach v. Gates</u>, No. 10-1569, 2011 WL 915958, *1 (4th Cir. Mar. 17, 2011)(unpublished)(citing <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47-48 (4th Cir. 1982)). Because Torres filed objections to the R&R, the Court reviews <u>de novo</u> his contentions and the conclusions of the Magistrate Judge.

The Magistrate Judge correctly held that this petition challenges Torres's underlying conviction, and does not meet the savings clause requirements of <u>Jones</u>. Even if <u>Harrison</u> controlled in this jurisdiction, which it does not, Torres does not meet the standard articulated in that case. While repeatedly stating that he asserts a claim of actual innocence, he provides no facts to support his contention. Rather, his petition and objections focus on alleged deficiencies in the grand jury process, although even these are not specific to his case. Furthermore, Torres clearly had an adequate opportunity to file both an appeal and a petition under § 2255, and he provides no evidence supporting a claim that he somehow was prevented from doing so. Expiration of the period for filing under § 2255 does not meet the requirements of the savings clause. <u>Vial</u>, 115 F.3d at 1193.

Finally, this petition cannot be construed as a motion for leave to file a subsequent petition under § 2255. Torres raises no colorable claim that could be asserted under § 2255, and a transfer

**TORRES v. O'BRIEN**                                                    1:10CV170

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING 28 U.S.C. § 2241 PETITION WITH PREJUDICE**

to the First Circuit would be a waste of judicial resources and not promote the interest of justice.

### CONCLUSION

For the reasons stated, the Court **ADOPTS** the R&R (dkt. 12) and **DISMISSES** this petition **WITH PREJUDICE**. Because Torres is proceeding pro se, the Court notes that any party wishing to appeal this dismissal must file a notice of appeal with the Clerk of this Court within sixty (60) days of the entry of judgment, pursuant to Fed.R.App.P. 4(a).

It is so **ORDERED**.

The Court directs the Clerk to prepare a separate judgment order and to transmit copies of both orders to the pro se petitioner via certified mail, return receipt requested.

DATED: August 18, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE